IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| THOMAS E. NOBLE, | ) Misc. Action No. 18-147-GMS |
| | ) |
| Movant. | ) |

| | |
|---|---|
| THOMAS E. NOBLE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| CHIEF JUDGE LEONARD STARK, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** The movant Thomas E. Noble ("movant"), a *pro se* litigant incarcerated at FDC Philadelphia in Philadelphia, Pennsylvania, has engaged in filing numerous lawsuits that contain frivolous legal arguments that are vexatious and abuse the judicial process.[1] On September 13, 2004, then United States District Judge Kent A. Jordan entered an order enjoining the movant from filing any *pro se* civil rights complaints without prior approval of the Court. *See Noble v. Becker,* Civ. No. 03-906-KAJ, D.I. 12. In *Noble v. Becker,* Civ. No. 03-906-KAJ, the movant was given notice to show cause why injunctive relief should not issue, *see*

---

[1] The United States Court of Appeals for the Third Circuit has described the movant as a serial litigator, filing over five dozen lawsuits in federal district courts, including over thirty complaints in this District Court. *In re Noble*, 663 F. App'x 188, 189 (3d Cir. 2016) (per curiam).

1

*Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987); he responded to the show cause order, but "did not show cause" why the order should not be entered (*see* Civ. No. 03-906-KAJ, D.I. 7 and D.I. 12 at 4). The barring order issued, and the movant did not appeal. In 2016, the movant sought mandamus relief to vacate the filing injunction and, when it was denied, appealed to the Third Circuit. On October 6, 2016, the Third Circuit held that the movant was not entitled to mandamus relief vacating the district court's filing injunction, and he was not entitled to a writ of mandamus for review of the district court's enforcement of the filing injunction. *In re Noble*, 663 F. App'x at 190.

2. **Discussion**. On May 7, 2018, the moving filed a petition and affidavit for counter-prosecution and arrest and indictment of the defendants -- two current judges and one former judge of this District Court -- for conspiracy to abet and cover-up crimes by employees of the State of Delaware. The movant asks for leave to file only copy of documents and for leave to proceed in continuation of *in forma pauperis* status given that he received this status by the United States Court of Appeals for the Third Circuit. He explains that his financial status has not changed. He also asks the court to provide him "real pens, bond paper, postage-paid envelopes. . . ." (D.I. 1.)

3. The movant does not explain why he should be given leave to commence a new action. The proposed complaint is construed as alleging both civil rights violations under 42 U.S.C. § 1983 as cited by the movant and seeking criminal prosecution against the defendants. The movant brings his petition "under the Constitution of the United States, its amendments, and the Bill of Rights, which, together are the supreme law of the land, and which does empower [him] as 'we the people' citizen, to make a citizen's arrest of any person who has committed

crimes; in conjunction with the All Writs Act [28 U.S.C. § 1651] and 42 U.S.C. §§ 1983 and 1985." (D.I. 1.)

4. The movant states that he is a law abiding citizen who broke no constitutionally legitimate criminal law, he has been wrongfully detained since October 5, 2017, and he is the victim of a conspiracy that includes the named defendants and others. The movant alleges that he asked Chief United States District Court Judge Stark to have the United States Attorney criminally prosecute Delaware officials, but "apparently got the U.S. Attorney to prosecute" the movant instead. The movant alleges that the year before, United States District Court Judge Robinson similarly colluded with Delaware officials to abet and cover-up their crimes and other violations, and this was followed by Judge Stark's allegedly covering-up Judge Robinson's cover-up by "sweeping related case C.A. No. 17-353 under the proverbial rug." (*Id.*) The movant alleges that United States District Court Judge Andrews "similarly filed falsified documents to abet and cover-up said crimes and other violations in Misc. No. 17-358," and covered-up for Chief Judge Stark by doing so and then falsely categorizing Misc. No. 18-111. (*Id.*)

5. The movant alleges in conclusory manner that the defendants "serially committed felony crimes, including obstruction of justice, conspiracy, falsification of documents filed by them, and making false statements. All not shielded by judicial immunity. Especially those crimes of an administrative or ministerial nature." He refers to the acts as "a pattern of ongoing racketeering activity" for the purposes of prosecution under the RICO Act.

6. The movant seeks leave to file criminal charges, arrest, and prosecute the defendants. "[T]he United States Attorney is responsible for the prosecution of all criminal cases

3

within his or her district." *See United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996). In addition, the decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). To the extent that the movant seeks to impose criminal liability upon the defendants, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008) (unpublished). The proposed claim are frivolous.

7. In addition, it is clear from his filing that the movant takes exception to judicial rulings made by the defendants. The defendants have absolute judicial immunity, despite the movant's statement to the contrary. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'". *Id.* (citations omitted). Despite his conclusory allegations, the movant has not set forth any facts that would show that any of the judges acted in the absence of jurisdiction. In reviewing the allegations, it is clear that the proposed complaint does not state cognizable claims and there is no curative amendment.

8. **Conclusion**. In accordance with Judge Jordan's September 13, 2004 order that enjoins the movant from filing new civil rights cases, the movant's motion for leave to file a complaint (D.I. 1) will be denied and all other motions contained therein will be denied as moot. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (the court has inherent authority "to

manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."). A separate order shall issue.

/s/ _____
UNITED STATES DISTRICT JUDGE

May 14, 2018
Wilmington, Delaware