# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: )<br>)<br>THOMAS E. NOBLE, )<br>)<br>Movant. ) | Misc. Action No. 18-147-GMS |

| | |
|---|---|
| THOMAS E. NOBLE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CHIEF JUDGE LEONARD STARK, et al., )<br>)<br>Respondents. ) | |

## **MEMORANDUM**

1. **Introduction.** On May 7, 2018, the movant Thomas E. Noble, a pretrial detainee at FDC Philadelphia in Philadelphia, Pennsylvania, filed a motion for leave to file a new complaint. Noble must seek leave as a result of an order entered on September 13, 2004, by former United States District Court Judge Kent A. Jordan enjoining him from filing any *pro se* civil rights complaints without prior approval of the court.[1] *See Noble v. Becker*, Civ. No. 03-906-KAJ, D.I. 12. After reviewing Noble's motion and proposed complaint, on May 14, 2018, the court denied his motion for leave to file a new complaint. (D.I. 2, 3). Noble has filed a motion and affidavit to disqualify conflict judge and to enjoin conflict clerk from assigning cases (D.I. 4) and a motion to stay and vacate conflict judge's order and to transfer venue to an

---

[1] As noted by the United States Court of Appeals for the Third Circuit, Noble "is a serial litigator. He has filed over five dozen lawsuits in federal district courts, including over 30 complaints in the United States District Court for the District of Delaware." *In re Noble*, 663 F. App'x 188, 189 (3d Cir. 2016).

1

impartial court designated by the Supreme Court and also to add said conflict judge as a respondent (D.I. 7).

2. **Motion to Enjoin.** Noble moves to enjoin the Clerk of Court from assigning any of his cases. (D.I. 4.) Noble contends that because of his many related cases and conflicts of interests, the assignment of any judge in this District or the United States Court of Appeals for the Third Circuit is ethically barred.

3. To obtain a preliminary injunction, a plaintiff must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). Noble has not met the requisites for injunctive relief. The motion will be denied.

4. **Motion to Stay, Vacate, and Enjoin.** Plaintiff contends that the undersigned has a conflict of interest as do all "judges of this illuminati controlled court." (D.I. 7.) He seeks a transfer of all his cases, pending and closed, to the Supreme Court for reassignment to an impartial court that is not in the United States Court of Appeals for the Third Circuit. Noble also states that he did not ask for permission to file a complaint, but instead filed a petition and, hence, he is not required to seek leave. (Id.).

5. A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," United States v. Kennedy,

2

682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

6. Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." Liteky v. United States, 510 U.S. 540, 554 (1994); Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration - even a stern and short-tempered judge's ordinary efforts at courtroom administration - remain immune." Id. at 555-56.

7. It is clear that the prior court rulings serve as Noble's basis for recusal as well as the fact that he has previously named the undersigned as a defendant in other cases. The undersigned was randomly assigned this case. A reasonable, well-informed observer could not believe that my prior rulings in Noble's cases were based on impartiality, bias, or actual prejudice. Nor do my rulings demonstrate the undersigned acted in such manner when ruling in the cases wherein Noble is a party. After careful and deliberate consideration, the undersigned concludes that the court has no actual bias or prejudice towards Noble and that a reasonable, well-informed observer would not question the Court's impartiality. Moreover, the fact that Noble has named me as a defendant in prior litigation does not suffice for my recusal. See Azubuko v. Royal, 443 F.3d at 304 (mere fact that judge may be one of numerous federal judges that litigant has filed suit against is not sufficient to establish that recusal is warranted under 28

U.S.C. § 144 or § 455(a)). In light of the foregoing standard and after considering Noble's assertions, the undersigned concludes that there are no grounds for recusal under 28 U.S.C. § 455.

8. Further Noble's attempt to characterize his pleading as a petition as opposed to a complaint does not avert compliance with the September 13, 2004 order that enjoins him from filing any pro se civil rights complaints without prior approval of this court. The petition invokes 42 U.S.C. § 1983, a statute that provides a civil action for deprivation of constitutional rights. Finally, Plaintiff provides no basis to vacate the May 14, 2018 order. Nor is there a basis to stay the case.

9. **Conclusion**. The Court will deny the motions. (D.I. 4, 7.) An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

\_\_\_June 29\_\_\_\_\_, 2018
Wilmington, Delaware